MORSS *v.* UFFORD *et al.*

(*Circuit Court, D. Massachusetts.* February 23, 1888.)

PATENTS FOR INVENTIONS—INFRINGEMENT—DRESS FORMS.

Letters patent No. 233,240, issued October 12. 1880, to John Hall, for improvements in dress forms, in which the skirt form consists of ribs suspended from braces hinged at each end to a movable block, supported by rests, and sliding up and down an upright central standard, is infringed by a device for the same purpose, having similar standard, ribs, and braces, in which a collar fixed to the standard takes the place of the upper block, and a nut, working on a thread in the standard, takes the place of the lower block, such collar and nut being merely an equivalent for the sliding blocks supported by rests.

In Equity. On bill for injunction.
*C. F. Perkins,* for complainant.
*J. K. Beach,* for defendants.

COLT, J. The complainant is the owner of letters patent No. 233,240, dated October 12, 1880, issued to John Hall, for improvements in dress forms. The invention relates to improvements "by means of which

every part of the device is rendered adjustable, so that it may be applied to a dress of any size or style, and fill it out perfectly, in order that trimming may be placed upon it." The patent describes both a waist form and a skirt form. The present suit is confined to the skirt form. The skirt form shows a series of upright ribs corresponding in general outline to the skirt of a lady's dress, surrounding a standard. The form is suspended from the outer ends of several series of braces, the inner ends of the braces being provided with adjusting mechanism for adjusting them up or down on a central standard, and thereby contract or expand the entire form, or by adjusting one or more sets of braces to contract or expand the form at different points. The defendants are charged with infringement of the second claim of the patent, which is as follows: "In combination with the standard, $a$, and ribs, $c$, the double braces, $e^2$, sliding blocks, $f^1$, $f^2$, and rests, $h^1$, $h^2$, substantially as and for the purpose set forth." This claim describes the hip portion of the skirt. In defendants' form there is a standard like Hall's, and surrounding ribs designed to impart shape to a dress, and so arranged as to be adjustable through their entire length. In the upper or hip portion of the form there are found the series of double or oppositely inclined braces, such as are seen in the Hall patent. Claim 2 is made up of a combination of five elements, and it is apparent that defendants' form has the standard, the ribs or their equivalent, and the double braces of the Hall patent. The question of infringement turns upon whether the defendants' form contains the sliding blocks, $f^1$, $f^2$, and the rests, $h^1$, $h^2$. In place of the upper sliding block and rest the defendants have a collar, which is fixed to the standard, and in place of the lower sliding block and rest they have substituted a nut and threaded standard. The outer ends of the braces are hinged to this fixed collar, instead of to a sliding block, and the inner ends of the braces are hinged to the nut in place of a sliding block. I am satisfied that these adjusting devices are substantially the equivalent of each other. A nut and threaded standard for adjusting the inner ends of hinged braces was a known equivalent for a sliding block and rest. This is shown by the patent granted Charles Franke, September 7, 1875. So the fixed collar in defendants' form must be considered the equivalent of the Hall block and rest. Assuming the upper rest in the Hall device to be provided with a thumb-screw, so as to enable it to be adjusted vertically on the standard, still, when once it is fixed, it does not differ from the fixed collar of the defendants' device. I regard this change made by the defendants as a formal one. Confining ourselves strictly to the second claim of the patent, it seems to me clear that the defendants' device is an infringement of this claim. There is nothing in the prior state of the art as exhibited in the record which can be called an anticipation of the Hall patent, though each of the elements of the second claim, with the exception, perhaps, of the ribs, is found to be old. I am of opinion that complainant is entitled to a decree, and it is so ordered. Decree for complainant.